THE STATE OF NEBRASKA, EX REL. FRANK W. BARNES, v. SAMUEL H. THATCH AND OTHERS.

1. **Removal of County Seat:** PRACTICE: AFFIDAVIT FOR CONTINUANCE. A party who charges that an election for the re-location of the county seat of M. county was carried in favor of M. by fraudulent means, must state the facts on which he bases his charge; and an affidavit for a continuance of an application for a peremptory writ of mandamus to compel the removal of the county records and offices to M., the place declared by the county commissioners to be the county seat, is not sufficient where it merely states that the affiant is informed and *believes* that a greater number of fraudulent votes were cast in one of the precincts of said county in favor of M. than the entire majority in favor of that place, and that certain votes were cast in favor of B. that were not counted.

2. ——: ——: ——. If it should be clearly made to appear that the number of fraudulent votes cast in favor of M. were sufficient to give that place a majority, it would be sufficient grounds to refuse relief.

ORIGINAL application for mandamus.

*W. M. Robertson*, for the relator.

*J. K. P. McCallum*, for respondents.

MAXWELL, J.

The petition alleges that at a meeting of the board of county commissioners of the county of Madison, held at Norfolk, in said county, on the fifteenth day of October, 1875, the following proceedings were had, viz.:

"Whereas, it appears from said election returns, and from the result of the count, that due and legal notice has been given of said election; and whereas, it further appears that at said election the question of the relocation of the county seat of Madison county was duly and legally submitted to the voters of said county; and whereas, it further appears from said returns that the town of Madison, Madison county, Nebraska, received at said election three hundred and sixty-eight votes for county seat, and the same being a majority of all the votes cast at said election on the question of the re-location of the county seat of said county, it is found that the county seat of Madison county is re-located and removed from the town of Norfolk, in said county and state, to the town of Madison, in Madison county, Nebraska. And it is hereby ordered that on the first day of January, 1876, the records, books, papers and archives of the different county officers of said county be removed to said town of Madison, by the officers having the same in charge; and that from and after the first day of January, 1876, all county officers shall hold their offices at said town of Madison, and shall transact all county and public business at said town of Madison." It is also alleged " that Samuel H. Thatch is the county

clerk of said county; that Andrew J. Thatch is the treasurer thereof; that John D. Hale is the sheriff, and J. K. P. McCallum is the county judge of said county.   *   * That it became the duty of the county officers aforesaid, on the first day of January, 1876, to remove their respective offices, and all county records, papers and property in their offices, to the town of Madison aforesaid.    On the contrary, however, the officers aforesaid have utterly neglected, failed and refused, and they still fail, neglect and refuse to remove their respective offices, and all county records, papers and property in their possession, and to comply with the order of the commissioners aforesaid; and that they still hold all county records, papers and property in their offices and charge at the town of Norfolk, in said county; and they perform all of the duties pertaining to their said offices at the town of Norfolk aforesaid contrary to the order of the commissioners aforesaid, and contrary to the provisions of Sec. 9 of the act approved February 24, 1875.   Wherefore, petitioner prays that writs of mandamus may issue against said defendants," etc.

The application for the writ was made on notice to the defendants, who appeared and moved for a continuance of the cause; and in support of the motion filed an affidavit of one of the defendants, wherein the affiant states they "are unable at this time to state whether said elections were legally called and conducted or not; or whether the meetings and doings of the commissioners were valid, as set forth in the affidavit; and affiant further states that from information the said elections were not legally conducted, and says that the town of Madison did not receive a majority of the votes at the last election, nor a greater number than the town of Battle Creek, in said county; but that, on the contrary, the town of Battle Creek received the larger number of votes; and this affiant says a suit in equity is now pend-

ing to determine all the questions involved in the said elections, and that proceedings to contest said election have been commenced and are now staid by this injunction; that there is a good and sufficient defense to said petition of the relator; and upon information and belief states that in the precinct of Union, the precinct in which the town of Madison is situated, there were fraudulent votes polled and counted for Madison, as the county seat, to the number of at least eight or ten; and that a number of *bona fide* votes, at least four or five, in said precinct were cast for the town of Battle Creek as the county seat, and were not returned by the precinct board and counted for Battle Creek."

The contest in this case was betweeen Battle Creek and Madison.    If it was made to appear clearly that a sufficient number of illegal votes had been cast in favor of Madison to give that place a majority of all the votes cast at the election, on the question of the re-location of the county seat, it would be sufficient cause for this court to refuse its aid to enforce the removal of the county records and officers to such place.    But a party who charges that an election has been carried by fraudulent means must state the facts on which he basis his charge. This election took place in October last.    The defendants have had ample time to ascertain the names of the illegal voters who voted at the election, if any such there were; but it is apparent that they know of none.

The motion for a continuance is, therefore, overruled, and no defense having been shown to the action a peremptory writ of mandamus is awarded.

WRIT AWARDED.