ENOCH HUNTER, PLAINTIFF IN ERROR, v. THE STATE, EX REL. D. C. PATTERSON, DEFENDANT IN ERROR.

1.    County Seat Contest. The town of W. received 293 of a total of 410 votes cast on the question of removal of the county seat of W. county. *Held*, That mere allegations of fraud and illegal voting, without any statement of facts upon which the charges were based, were not a sufficient defense in an application for a mandamus to compel the county officers to remove and keep their offices at the town of W.

2.    ———: MANDAMUS : PLEADING.    Where in the defense to a mandamus to require certain county officers to remove and hold their respective offices at a town receiving more than three-fifths of all the votes cast at an election for the removal of the county seat, there was no claim or allegation of the bribery of voters, *Held*, That that matter must be pleaded to be available.

ERROR to the district court for Wayne County.    Heard below before BARNES, J.

*Andrew Bevins*, for plaintiff in error.

At time notice was served an injunction was in full force restraining removal of county seat, offices, etc. The injunction being against the county was binding on all individuals acting for the county. *People v. Sturtevant,* 5 Seld., 263. Mandamus will not lie. High Ex. Leg. Rem., 23. *The State, ex rel. Reed, v. Ramsey,* 8 Neb., 291. Result of an election cannot be decided by mandamus. *The State v. Palmer,* 10 Neb., 203.

*Britton & Northrop,* for defendant in error. Injunction was not binding on defendants below. It did not run against them but against county commissioners. Mandamus lies. *State v. Sherwood,* 15 Minn., 221.

MAXWELL, J.

An election was held in Wayne county on the 5th day of December, 1882, for the relocation of the county seat of that county. The whole number of votes polled at that election was 410, of which the town of Wayne received 293, which being more than three-fifths of all the votes cast, entitled it to become the county seat. On the 9th day of March, 1883, D. C. Patterson, as relator, applied to Judge BARNES, at Ponca, for a peremptory writ of mandamus to compel the clerk, treasurer, judge, and sheriff of said county to remove their respective offices, with the records and papers pertaining thereto, to the town of Wayne. A peremptory writ was awarded, it is claimed upon insufficient notice. Afterwards the plaintiff by his attorney, A. Bevins, filed a motion for a re-hearing, which was had at West Point. On the re-hearing the plaintiff introduced in evidence a petition in a cause then pending in the district court of Wayne county, to enjoin the county commissioners from removing the records of said county to the town of Wayne. The district judge adhered to his decision granting a peremptory writ of mandamus, and from that decision the plaintiff brings the cause into this court, the

evidence to show that the mandamus should not have been granted being the petition in the equity case above referred to.   We have read the evidence carefully and do not find a single fact stated showing fraud in the election.   There are charges of fraud, illegal voting, etc., without stating what was done.   The question here involved was before this court in *State v. Thatch*, 5 Neb., 94, where it was held that a party who charges that an election has been carried by fraud must state the facts on which he bases his charge.   It is also alleged that certain citizens of Wayne, naming them, entered into a bond to the county to furnish free of charge to the voters of said county the necessary offices and buildings for five years for the use of the county. It is alleged that a sufficient number of votes were changed by this offer to carry the election in favor of the town of Wayne.   These are mere allegations in a petition in an action upon which no proof has been taken and therefore cannot be accepted as facts.   They are not pleaded as a defense to the mandamus and therefore cannot be considered.   *Jefferson Co. v. The People*, 5 Neb., 127.   If the proof in the equity case should show that the election was carried in the manner indicated it will then be necessary for this court to determine in that case whether such acts constitute bribery, so as to avoid an election.   But there is no issue to that effect presented in the pleadings, and it would be improper to determine that matter upon the meagre allegations in the petition in equity now before us as evidence, with that action undetermined.   The petition at the most shows that an action is pending to enjoin the county commissioners from removing the records, and would not preclude a court from granting a mandamus against the other county officers requiring them to remove their respective offices.   As a rule, in case of a county seat contest, a court should have clear and unmistakable proof that an election for that purpose, fairly conducted, has resulted in the majority required by law in favor of the locality claiming to have been se-

lected as the county seat. And if the right is not clear, the writ should be refused. In any case sufficient time should be given all parties in order that a fair hearing may be had. Whether sufficient time was given in the first instance in the hearing before the judge of the district court it is unnecessary now to inquire, as it seems to be conceded that the plaintiff had ample opportunity to present his case at West Point. And taking all the testimony offered by the plaintiff it fails to show that the district court erred in granting the mandamus. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.